# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| APF – CPX II, LLC, as successor in interest to ACCESS POINT FINANCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BHARATHBHAI PATEL, <br><br> Defendant. | CIVIL ACTION FILE NO.: <br> 1:21-cv-03792-TWT |

## FIRST AMENDED COMPLAINT

Plaintiff APF – CPX II, LLC, as successor in interest to Access Point Financial, Inc., ("APF" or "Plaintiff") files this Amended Complaint for damages against Defendant Bharathbhai Patel ("Guarantor" or "Defendant"), as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(A), respectfully showing this Court as follows:

### Parties, Jurisdiction, and Venue

1.  APF is a limited liability company organized and existing under the laws of the state of Delaware with its principal office in DeKalb County, Georgia. APF's membership consists of Access Point Financial, LLC f/k/a Access Point Financial, Inc. ("Access Point") and Donald Puglisi ("Puglisi"). Access Point is a

limited liability company organized under the laws of the state of Delaware with its principal place of business in Dekalb County, Georgia. Access Point's membership consists of WCP APF Sub Holdings, Inc., a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York. Puglisi is an individual citizen of the state of Delaware.

2. Bharathbhai Patel is an individual citizen of the state of California and may be served with process at 3657 Old Santa Rita Road, Suite C, Pleasanton, California 94588 or wherever he may be found.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

4. Venue is appropriate in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), LR 3.1 (B)(3), N.D. Ga., and the forum selection clause contained in paragraph 14(g) of the Guaranty (defined below).

**Facts**

5. On or about April 15, 2019, L N Hospitality Cleveland, LLC ("L N Hospitality Cleveland") and L N Parking Cleveland, LLC ("L N Parking Cleveland" and collectively with L N Hospitality Cleveland, the "Borrowers")

executed and delivered to Access Point Financial, LLC f/k/a Access Point Financial, Inc. ("Access Point") at its Georgia address that certain Pledge Promissory Note, in the original amount of $5,000,000.00 (as may have been amended, modified, restated, and/or supplemented from time to time, the "Note") for a loan in the same amount (the "Loan"). A true and correct copy of the Note is attached hereto as **Exhibit A** and incorporated by reference.

6. On or about April 15, 2019 and to secure the Loan, Guarantor executed and delivered to Access Point at its Georgia address that certain Pledge Agreement (as may have been amended, modified, restated, and/or supplemented from time to time, the "Pledge Agreement") pursuant to which Guarantor unconditionally granted and assigned to Access Point a continuing first priority security interest and security title to Guarantor's legal and beneficial ownership of 100% of the outstanding membership interests of Borrowers. A true and correct copy of the Pledge Agreement is attached hereto as **Exhibit B** and incorporated by reference.

7. On or about April 15, 2019 and to further secure the Loan, Guarantor executed and delivered to Access Point at its Georgia address that certain Guaranty Agreement (the "Guaranty") pursuant to which Guarantor irrevocably, absolutely, and unconditionally guaranteed to Access Point the prompt payment when due, of

all amounts owed by Borrowers to Access Point under the Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit C** and incorporated by reference.

8. The Note, the Pledge Agreement, the Guaranty, and all other documents related to the Loan shall be referred to collectively herein as the "<u>Loan Documents</u>."

9. Access Point subsequently assigned the Loan and related Loan Documents to APF, on a servicing retained basis.

10. The Borrowers failed to pay monthly payments under the Loan Documents as and when due.

11. On or about December 11, 2019, Access Point sent a letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "<u>First Delinquency Letter</u>"). A true and correct copy of the First Delinquency Letter is attached hereto as **Exhibit D** and incorporated by reference.

12. On or about January 22, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "<u>Second</u>

Delinquency Letter"). A true and correct copy of the Second Delinquency Letter is attached hereto as **Exhibit E** and incorporated by reference.

13. On or about February 11, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Third Delinquency Letter"). A true and correct copy of the Third Delinquency Letter is attached hereto as **Exhibit F** and incorporated by reference.

14. On or about March 11, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Fourth Delinquency Letter"). A true and correct copy of the Fourth Delinquency Letter is attached hereto as **Exhibit G** and incorporated by reference.

15. The Borrowers failed to pay as demanded in the First Delinquency Letter, the Second Delinquency Letter, the Third Delinquency Letter, and the Fourth Delinquency Letter.

16. On or about April 1, 2020, the Borrowers, Guarantor, and Access Point, as loan servicer for APF, entered into that certain COVID-19 Forbearance Agreement (the "Forbearance Agreement", also a Loan Document) whereby Access Point agreed to forbear from collection of all monthly payments of interest

and principal due under the Loan commencing April 1, 2020 and expiring on June 30, 2020 (the "Forbearance Period"). A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit H** and incorporated by reference.

17. In Section 4 of the Forbearance Agreement, the Borrowers and Guarantor acknowledged that the outstanding balance of the Note as of March 31, 2020, exclusive of attorneys' fees, was as follows:

| | |
|---|---|
| Principal | $ 5,000,000.00 |
| Interest | $ 55,972.20 |
| Late Fees | $ 2,618.06 |
| TOTAL: | $ 5,058,590.26 |

18. In Section 12 of the Forbearance Agreement, the Borrowers and Guarantor ratified and reaffirmed their respective obligations under the Loan and ratified and reaffirmed all the provisions of the related Loan Documents, except as expressly amended by the Forbearance Agreement.

19. On or about July 1, 2020, the Borrowers, Guarantor, and Access Point, as loan servicer for APF, entered into that certain First Amendment to Covid-19 Forbearance Agreement (the "First Forbearance Amendment", also a Loan Document) whereby Access Point agreed to forbear from collection of certain monthly payments due under the Loan commencing July 1, 2020 and expiring on September 30, 2020 (the "First Extended Forbearance Period"). A true

and correct copy of the First Forbearance Amendment is attached hereto as **Exhibit I** and incorporated by reference.

20. In Section 6 of the First Forbearance Amendment, the Borrowers and Guarantor ratified and reaffirmed their respective obligations under the Loan and ratified and reaffirmed all the provisions of the Loan Documents, except as expressly amended by the First Forbearance Amendment.

21. On or about July 16, 2020, Access Point sent a letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Fifth Delinquency Letter"). A true and correct copy of the Fifth Delinquency Letter is attached hereto as **Exhibit J** and incorporated by reference.

22. On or about August 13, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Sixth Delinquency Letter"). A true and correct copy of the Sixth Delinquency Letter is attached hereto as **Exhibit K** and incorporated by reference.

23. On or about September 15, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan

(the "Seventh Delinquency Letter"). A true and correct copy of the Seventh Delinquency Letter is attached hereto as **Exhibit L** and incorporated by reference.

24. The Borrowers failed to pay as demanded in the Fifth Delinquency Letter, the Sixth Delinquency Letter, and the Seventh Delinquency Letter.

25. On or about October 1, 2020, the Borrowers, Guarantor, and Access Point, as loan servicer for APF, entered into that certain Second Amendment to Covid-19 Forbearance Agreement (the "Second Forbearance Amendment", also a Loan Document) whereby Access Point agreed to forbear from collection of certain monthly payments due under the Loan commencing October 1, 2020 and expiring on March 31, 2021 (the "Second Extended Forbearance Period"). A true and correct copy of the Second Forbearance Amendment is attached hereto as **Exhibit M** and incorporated by reference.

26. In Section 6 of the Second Forbearance Amendment, the Borrowers and Guarantor ratified and reaffirmed their respective obligations under the Loan and ratified and reaffirmed all the provisions of the Loan Documents, except as expressly amended by the Second Forbearance Amendment.

27. On or about October 14, 2020, Access Point sent a letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Eighth

Delinquency Letter"). A true and correct copy of the Eighth Delinquency Letter is attached hereto as **Exhibit N** and incorporated by reference.

28. On or about November 17, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Ninth Delinquency Letter"). A true and correct copy of the Ninth Delinquency Letter is attached hereto as **Exhibit O** and incorporated by reference.

29. On or about December 16, 2020, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Tenth Delinquency Letter"). A true and correct copy of the Tenth Delinquency Letter is attached hereto as **Exhibit P** and incorporated by reference.

30. On or about January 13, 2021, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Eleventh Delinquency Letter"). A true and correct copy of the Eleventh Delinquency Letter is attached hereto as **Exhibit Q** and incorporated by reference.

31. On or about February 16, 2021, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan

Documents and demanding payment of all sums due and payable under the Loan (the "Twelfth Delinquency Letter"). A true and correct copy of the Twelfth Delinquency Letter is attached hereto as **Exhibit R** and incorporated by reference.

32. On or about March 16, 2021, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Thirteenth Delinquency Letter"). A true and correct copy of the Thirteenth Delinquency Letter is attached hereto as **Exhibit S** and incorporated by reference.

33. On or about April 20, 2021, Access Point sent another letter to L N Hospitality Cleveland notifying it of its defaults pursuant to the Loan Documents and demanding payment of all sums due and payable under the Loan (the "Fourteenth Delinquency Letter"). A true and correct copy of the Fourteenth Delinquency Letter is attached hereto as **Exhibit T** and incorporated by reference.

34. The Borrowers failed to pay as demanded in the Eighth Delinquency Letter, the Ninth Delinquency Letter, the Tenth Delinquency Letter, the Eleventh Delinquency Letter, the Twelfth Delinquency Letter, the Thirteenth Delinquency Letter, and the Fourteenth Delinquency Letter.

35. On or about August 30, 2021, Access Point sent a letter to the Borrowers and Guarantor notifying them of their defaults pursuant to the Loan

Documents and demanding payment in full of all obligations due and owing under the Loan Documents (the "Default Letter"). A true and correct copy of the Default Letter is attached hereto as **Exhibit U** and incorporated by reference.

36. In the Default Letter, Access Point also notified the Borrowers and Guarantor that, pursuant to O.C.G.A. § 13-1-11, the attorneys' fees provisions under the Loan Documents would be enforced, such that unless all amounts due and owing were paid by the Borrowers or Guarantor within ten (10) days from the receipt of the Default Letter, the Borrowers and Guarantor would be liable for reasonable attorneys' fees and costs.

37. In the Default Letter, Access Point also notified the Borrowers and Guarantor that, pursuant to O.C.G.A. § 13-4-4, Access Point intended to rely on the exact terms of the Loan Documents notwithstanding any alleged prior departure.

38. The Borrowers and Guarantor failed to make payment within the requisite ten (10) days.

39. As of August 25, 2021, principal, accrued but unpaid interest, and other charges outstanding under the Loan Documents were as follows:

| | |
|---|---|
| Principal | $ 5,000,000.00 |
| Interest (02/01/2021 – 08/31/2021) | $ 379,777.78 |
| Default Interest (03/01/2021 – 08/25/2021) | $ 123,611.11 |
| Deferred Interest (04/01/2020 – 08/25/2021) | $ 472,029.58 |

| | | |
|---|---|---|
| Exit Fee | $ | 50,000.00 |
| Late Fees | $ | 73,815.81 |
| UCC Fees | $ | 200.00 |
| Payoff Fee | $ | 250.00 |
| TOTAL | $ | 6,099,684.28 |
| Per diem interest: | $ | 863.37 |

40. The aforementioned outstanding principal, accrued but unpaid interest, and other charges outstanding under the Loan Documents are exclusive of costs of collection and attorneys' fees available under the Loan Documents and applicable law.

41. Additional interest, fees, costs, and charges have continued to accrue and continue to accrue under the Loan Documents from August 25, 2021, going forward.

## **COUNT I – BREACH OF CONTRACT**

42. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

43. The Guaranty is a valid and enforceable contract between Defendant and APF, as successor in interest to Access Point.

44. Access Point and APF fully performed their obligations under the Guaranty.

45. Under the Guaranty, Defendant "irrevocably, absolutely and unconditionally guarantee[d] to [APF] the prompt payment when due, whether at stated maturity, by acceleration or otherwise, of . . . the principal sum evidenced by the Note and secured by the [Pledge Agreement], or so much thereof as may be outstanding from time to time, together with interest thereon at the rates of interest specified in the Note, late fees, prepayment consideration, and all other sums which may or shall become due and payable pursuant to the provisions of the Loan Documents."

46. Defendant breached the Guaranty by failing to pay to APF all amounts due by the Borrowers under the Note upon demand for same.

47. APF was damaged as a result of the breach of contract described above.

48. APF is entitled to recover from Defendant all amounts due, owing, and accruing under the Loan Documents and applicable law, including but not limited to, the amount due and payable under the Note as of August 25, 2021 in the total amount of $6,099,684.28, consisting of $5,000,000.00 in principal, $975,418.47 in accrued interest, and $124,265.81 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $863.37 per

day, plus such further expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

### **COUNT II – UNJUST ENRICHMENT**

49. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

50. APF, as successor in interest to Access Point, provided Defendant a valuable service by advancing money to the Borrowers under the Loan Documents.

51. Defendant requested and knowingly accepted the benefits accruing under the Loan Documents.

52. Defendant's receipt of the aforementioned benefits would be unjust without compensating APF.

53. Defendant has been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Loan Documents, plus expenses, costs, and attorneys' fees.

54. Defendant, in fairness and good conscience, should remit to APF the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, and applicable law, including but not limited to, the amount due and payable under the Note as of August 25, 2021 in the total amount of $6,099,684.28, consisting of $5,000,000.00 in principal, $975,418.47 in accrued

interest, and $124,265.81 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $863.37 per day, plus such further expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

**COUNT III – ATTORNEYS' FEES & COSTS UNDER O.C.G.A. § 13-1-11**

55. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

56. Pursuant to the Loan Documents, Defendant is required to pay APF all costs, including reasonable attorneys' fees and expenses, incurred by APF in enforcing performance or collecting any payments due under the Loan Documents.

57. Moreover, Access Point, as loan servicer for APF, made demand upon Defendant for their attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11, on August 30, 2021.

58. As of the date of this Complaint, Defendant has failed to pay APF the amounts outstanding under the Note and Guaranty.

59. As Defendant failed to make the requisite payment within ten (10) days of the Default Letter, APF is entitled to judgment in its favor for statutory attorneys' fees calculated by reference to O.C.G.A. § 13-1-11.

**COUNT IV – ATTORNEYS' FEES & COSTS UNDER O.C.G.A. § 13-6-11**

60. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

61. As shown by the above, Defendant has acted in bad faith, has been stubbornly litigious, and has caused APF undue trouble and expense.

62. Accordingly, APF is entitled to recover its expenses of litigation, including reasonable attorneys' fees, under O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant judgment in its favor and against Defendant, as follows:

(i) As to <u>Count I</u>: Judgment against Defendant for breach of the Guaranty in the total amount of $6,099,684.28 as of August 25, 2021 (comprised of $5,000,000.00 in principal, $975,418.47 in accrued interest, and $124,265.81 in fees), with additional interest accruing at the combined (contract and default interest rate) amount of $863.37 per day, plus expenses, costs, and attorneys' fees as the same have accrued and continue to accrue;

(ii) As to <u>Count II</u>: Reimbursement by Defendant to Plaintiff for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, and applicable law, including but not limited to, the amount due and payable

under the Note and Guaranty in the total amount of $6,099,684.28 as of August 25, 2021 (comprised of $5,000,000.00 in principal, $975,418.47 in accrued interest, and $124,265.81 in fees), with additional interest accruing at the combined (contract and default interest rate) amount of $863.37 per day, plus expenses, costs, and attorneys' fees as the same have accrued and continue to accrue;

(iii) As to <u>Count III</u>: An award of Plaintiff's attorneys' fees, costs, and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law;

(iv) As to <u>Count IV</u>: An award of Plaintiff's attorneys' fees, costs, and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-6-11 and Georgia law; and

(v) For such other and further relief as this Court deems just, proper, and equitable.

Submitted this _____ day of September 2021.

                                      **THOMPSON HINE LLP**

                                      */s/ Alexandra C. Nelson*
Alexandra C. Nelson (GA Bar No. 241352)
Austin B. Alexander (GA Bar No. 926059)
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile: 404-541-2905
*alexandra.nelson@thompsonhine.com*
*austin.alexander@thompsonhine.com*

*Attorneys for Plaintiff APF – CPX II, LLC*

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C)(3) and 7.1(D).

Submitted this _____ day of September 2021.

                                                     */s/ Alexandra C. Nelson*
                                                   Alexandra C. Nelson
                                                   Georgia Bar No. 241352

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court via the CM/ECF system which will provide automatic notification of such filing to all counsel of record. I hereby further certify that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), I have deposited a true and correct copy of the same in the U.S. First Class Mail with adequate postage affixed thereon to ensure proper delivery and addressed as follows:

> Bharathbhai Patel
> 1916 Ticino Ct.
> Pleasanton, CA 94566-3618

Submitted this _____ day of September 2021.

> */s/ Alexandra C. Nelson*
> Alexandra C. Nelson
> Georgia Bar No. 241352